IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>EVERQUOTE, INC.<br><br>*Defendant*. | Case No. 2:26-cv-00001<br><br>HON. JOHN M. YOUNGE |

**DEFENDANT EVERQUOTE, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO TRANSFER PURSUANT TO
28 U.S.C. § 1404(A)**

**I.   INTRODUCTION**

In this case, Plaintiff, a resident of Pennsylvania, filed a complaint against EverQuote, Inc. ("EverQuote"), a Massachusetts-based corporation, in the Eastern District of Pennsylvania for violations of the Telephone Consumer Protection Act ("TCPA"). ECF No. 1 at ¶ 5. For the following reasons, this Court should transfer this action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

First, there is no question that venue is proper in the District of Massachusetts. This matter indisputably could have been brought in the District of Massachusetts, where EverQuote is based.

Second, the convenience and fairness factors weigh heavily in favor of transferring the action to the District of Massachusetts. This case has little connection to this forum. Plaintiff is the only connection between this suit and the Eastern District of Pennsylvania. Courts within this Circuit afford minimal deference to the forum choice of a plaintiff pursuing a putative nationwide class action. The majority of witnesses are located in Massachusetts, along with the records

managed in and accessed from Massachusetts. The District of Massachusetts, therefore, has a stronger interest in deciding this case. Additionally, the case is still at an early stage, so transferring this action would not result in any waste of judicial resources.

As such, EverQuote respectfully requests that this Court grant its motion to transfer this matter to the District of Massachusetts.

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff is an individual residing in the Eastern District of Pennsylvania. ECF No. 1 at ¶ 4. On January 1, 2026, Plaintiff filed a Complaint alleging that EverQuote sent at least fourteen telemarketing text messages to his phone number registered on the National DNC Registry from October 2025 to present, without his consent. *Id*. at ¶¶ 16-17, 21-22. Plaintiff alleges that these text messages were advertising EverQuote's insurance services and soliciting him to receive quotes on auto insurance. *Id*. at ¶ 24.

Plaintiff alleges that all the text messages came from (617) 505-1205, whose carrier provided CNAM functionality. However, EverQuote allegedly did not elect a CNAM to accurately reflect its own name. *Id*. at ¶¶ 25-26. Plaintiff alleges that he was unable to call the number back to lodge a Do Not Call request during business hours, and the number does not play any messages, recordings, or other information telling callers how to opt out of receiving calls. *Id*. at ¶¶ 27-29.

Accordingly, Plaintiff brings two TCPA claims: (i) one claim alleging violation of the TCPA's national do-not-call registry provisions; and (ii) one claim alleging violation of the TCPA's telemarketing caller ID provisions. *Id*. at ¶¶ 45-57. Further, Plaintiff seeks to pursue these claims on behalf of the following putative nationwide classes:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message call from or on behalf of Defendant encouraging the purchase of its goods or

>services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
>**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text message calls in a 12-month period, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

*Id.* at ¶ 38.

### III.  LEGAL STANDARD

A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). For all venue purposes, a defendant entity shall be deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Even if the plaintiff's chosen venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) on its face has two requirements: (1) that the district to which the defendant seeks to have the action transferred is one in which the action "might have been brought," and (2) that the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Id*.

This Court has discretion to decide a motion to transfer venue for convenience on a case-by-case basis. 28 U.S.C. § 1404(a). But in ruling on a motion to transfer, the court should consider "all relevant factors to determine whether on balance the litigation would more conveniently

proceed and the interests of justice be better served by transfer to a different forum." *Weber v. Basic Comfort Inc.*, 155 F.Supp.2d 283, 284 (E.D. Pa. 2001) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir.1995)). A non-exhaustive list of relevant private and public interest factors include:

> (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (6) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative court congestion in the competing courts; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; [and] (12) [] the familiarity of the trial judge with the applicable state law.

*Wright v. LeafFilter North, LLC*, No. 3:25-CV-01080-KM, 2025 WL 3041893, at *2–3 (M.D. Pa. Oct. 31, 2025) (citing *High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp. 2d 487, 491 (M.D. Pa. 2005)).

## IV. ARGUMENT–PLAINTIFF'S ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF MASSACHUSETTS.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Here, both requirements are met.

### A. Plaintiff's Action Could Have Been Filed in the District of Massachusetts.

As an initial matter, the Court must first determine whether venue would be proper in the transferee district. *Shelton v. Freedom Forever, LLC*, No. 24-4333, 2025 WL 693249, at *1 (E.D. Pa. Mar. 4, 2025) ("[I]n analyzing a motion to transfer under Section 1404, the Court must first determine 'whether venue would be proper in the transferee district.'") (quoting *Weber,* 155 F. Supp. 2d at 284)). Venue is proper in the district in which the defendant resides. 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in…a judicial district in which any defendant resides,

4

if all defendants are residents of the State in which the district is located"). A corporation defendant resides in the district in which it is "subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

There is no question that this case could have been brought in the district of Massachusetts as EverQuote is a Massachusetts-based corporation. ECF No. 1 at ¶5. EverQuote maintains its principal place of business in Cambridge, Massachusetts; therefore, it is subject to personal jurisdiction in Massachusetts. Declaration of Madeline Contois ("Contois Decl."), attached as Exhibit A, at ¶ 2.

As such, the District of Massachusetts is a proper venue for this action.

### B. Convenience And Fairness Favor Transfer to the District of Massachusetts

If the first requirement is met, the court must then weigh all relevant factors to decide whether, on balance, the case would proceed more conveniently and whether transferring to another forum would better serve the interests of justice. *Wright* 2025 WL 3041893, at *2 (M.D. Pa. Oct. 31, 2025) (citing *Jumara,* 55 F.3d at 879). And here the interests of justice and convenience of parties and witnesses weigh heavily in favor of transferring this case to the District of Massachusetts. This case has no connection with Pennsylvania other than the Plaintiff's alleged receipt of fourteen text messages. All of the pertinent documents and witnesses are located outside of Pennsylvania. Contois Decl. at ¶ 6. There are no other factors that weigh in favor of maintaining the litigation in Pennsylvania (other than Plaintiff's choice of venue, which is entitled to limited weight in a putative nationwide class action). *Id.* at *3.

As such, the motion to transfer should be granted.

#### 1. Plaintiff's Choice of Forum Is of Little to No Consideration

Generally, a Plaintiff's choice of forum is one of many relevant factors for courts to consider in a motion under Section 1404(a). *Blanning v. Tisch*, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3rd Cir. 1970), cert. denied, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971)) However, in class actions, the plaintiff's choice is given less deference because the potential class members are scattered throughout the nation. *See e.g.*, *Wright*, 2025 WL 3041893 at *3 (citing multiple cases discussing the standard).

Here, Plaintiff seeks to represent two putative nationwide classes consisting of "[a]ll persons in the United States," and alleges that "[t]he exact number of Class members…is believed to be at least hundreds of persons." ECF No. 1 ¶¶ 38-39. Further, the Plaintiff does not show EverQuote's telemarketing messages targeted other Pennsylvania residents, nor does he allege any other operative facts occurred in Pennsylvania other than his receipt of the text messages. Therefore, Plaintiff's choice of forum should be afforded little deference.

Moreover, as this Court acknowledged in a similar TCPA case involving the same Plaintiff, "named plaintiffs in TCPA class actions receive even less deference because such actions are 'normally attorney driven and require limited participation from the named plaintiff for their individual claims or as class representatives'" *Shelton*, 2025 WL 693249 at *2 (internal citation omitted).

Here, the Plaintiff is a serial plaintiff who has brought multiple TCPA class actions nationwide in various federal courts, including this Court, most of which were represented by the same counsel. *See e.g., Shelton v. Priority Concepts Inc.,* No. 2:24-cv-02581-GRB-JMW (E.D.N.Y. filed Apr. 5, 2024); *Shelton v. American Business Services Inc. et al.*, No. 1:24-cv-00777-PAB-STV (D. Colo. filed Mar. 20, 2024); *Shelton v. Empwr Solar LLC*, No. 2:24-CV-

06870-JMY (E.D. Pa. filed Dec. 27, 2024). This pattern supports the inference that this action is driven primarily by Plaintiff's counsel and requires only limited participation from Plaintiff.

Taken together, these factors align to give Plaintiff's choice of forum scant weight.

### 2. Defendant's Preference Weighs in Favor of Transfer.

The second private interest factor relates to the defendant's choice of forum. Generally, the defendant's preference is given considerably less weight than the plaintiff's; however, even this minimal deference can tip the scales in the defendant's favor. *Shelton,* 2025 WL 693249 at *3. EverQuote prefers to litigate this case in the District of Massachusetts where it maintains its principal place of business, where the witnesses are located, and evidence is stored and accessed. Contois Decl. at ¶ 2-5. Therefore, this factor weighs in favor of transfer.

### 3. Claims Presumed to Arise Nationally Weigh in Favor of Transfer.

The third factor examines whether the claim arose elsewhere. *Jumara*, 55 F.3d at 879. Although Plaintiff resides in and received the allegedly unwanted text messages in this District, he alleges nothing to suggest that a substantial portion of the nationwide class also received these text messages in Pennsylvania. On the other hand, the alleged injuries in a putative national class action presumably are "diffused across the nation," militating in favor of transfer. *Shelton*, 2025 WL 693249 at *3. Here, EverQuote is based in Massachusetts. ECF 1 at ¶ 5. The decisions that led to the telemarketing communications presumably were made in Massachusetts, and the policies relating to telemarketing were formulated and implemented in Massachusetts. Contois Decl. at ¶3. All these facts weigh in favor of transfer.

### 4. The District of Massachusetts is More Convenient for Parties and Material Witnesses.

Then the court evaluates the "convenience of the parties as indicated by their relative physical and financial condition," as well as the convenience of any potential witnesses. *Wright*,

2025 WL 3041893 at *4 (citing *Jumara,* 55 F.3d at 879). Plaintiff may argue that transfer will cause inconvenience to him and that EverQuote, as a corporation, is in a better financial position to afford the inconvenience and cost of travel. This is not true because "as representative of a putative class action, Plaintiff will likely play only a minimal role in litigation, if any at all. On the other hand, Defendant will likely spend significant resources defending this suit." *Id.* at *4 (quoting *Geraci v. Red Robin Int'l, Inc.*, No. 1:18-CV-15542-RMB, 2019 WL 2574976, at *6 (D.N.J. Jun. 24, 2019)); *Rauhala v. Greater New York Mutual Insurance, Inc.*, No. 22-1788, 2022 WL 16553383, at *4 (E.D. Pa. Oct. 31, 2022) (holding that the plaintiff would experience little or no inconvenience if the case is transferred to New York because class representatives rarely participate in the case beyond initiating the lawsuit and presenting for a deposition.)).

Here, Plaintiff is merely one member of the putative class. Given his minimal role in the litigation, he would experience little, if any, inconvenience if this case were transferred to Massachusetts. Additionally, the fact that the Plaintiff also brought national TCPA class actions in various federal courts, including those districts far away from his home jurisdiction, demonstrates that the proposed transfer would not impose any meaningful burden on him. *See e.g., Shelton v. Priority Concepts Inc.,* No. 2:24-cv-02581-GRB-JMW (E.D.N.Y. filed Apr. 5, 2024); *Shelton v. American Business Services Inc. et al.*, No. 1:24-cv-00777-PAB-STV (D. Colo. filed Mar. 20, 2024).

By Contrast, this District will prove inconvenient to EverQuote, other putative class members, and relevant witnesses. The putative classes are nationwide by definition, and thus the persons Plaintiff seeks to represent are presumptively dispersed across the country. Litigating in this District would impose significant inconvenience on other putative class members.

EverQuote is based in Massachusetts, as well as most of the staff involved in creating, formulating, reviewing, overseeing, approving, and implementing the telemarketing policies and activities. Contois Decl. at ¶¶ 2, 3. Here, plaintiff alleges that he received text messages from EverQuote to his phone number registered on the national DNC registry, without his consent. ECF No. 1 at ¶¶ 16-17, 21-22. The key employees identified to date who may have knowledge of the text messages at issue include: Maddy Contois, Vice President of Performance Marketing, who is the project owner for system-sent marketing messages and a Massachusetts resident; Fernando Agulia, Senior Manager of Analytics, who operates the text remarketing program and oversees consumer outreach, including maintaining text logs, customer consent, and do-not-call requests that directly respond to text messages, and who is a Massachusetts resident; Josh Silvia, Engineering Manager, who oversees consumer outreach and is a Massachusetts resident; Ben Bejelloun Toumi, Director of Project Management, who is responsible for recording customer consent obtained through EverQuote's own websites and is a Massachusetts resident; and John Sinnigen, Senior Vice President of Business Development, who owns EverQuote's third party program and is responsible for collecting customer consents on third-party websites, and who is a Massachusetts resident. Contois Decl. at ¶ 4.

In addition, Plaintiff provides screenshots of the alleged unwanted text messages. ECF No. 1 at ¶ 23. Some of these messages include signatures such as "Dan at Provide Insurance" and "Derek Bennewies at Provide Insurance." EverQuote identifies "Dan" as Daniel Fritz, a Principal Engineer who previously worked on remarketing and is a Massachusetts resident and identifies Derek Bennewies, Vice President of Distribution Analytics, who is the former owner of the remarketing program that sent the text messages and is also a Massachusetts resident. Contois Decl. at ¶ 4.

Those staff not only possess knowledge and/or information regarding the allegations specific to the Plaintiff, but also regarding other putative class members and EverQuote's general marketing practices. The individuals responsible for documenting how Plaintiff's and putative class members' phone numbers were obtained include: Ben Bejelloun Toumi, a Massachusetts resident; John Sinnigen, a Massachusetts resident; Kyle Ralph, Vice President of Business Development, who is a North Carolina resident; and Steve Walter, Director of Business Development, who owns the relationships with most of EverQuote's third party network and is a Kansas resident. Lead and consent information is maintained primarily in EverQuote's LSS database. Anitha Nagaraju, Senior Technical Product Manager, is the owner of the LSS system and is a Massachusetts resident. Contois Decl. at ¶¶ 4, 5. Therefore, the majority, if not all, of the witnesses are located in Massachusetts. Thus, the convenience of the witnesses strongly favors transfer.

### 5. The Location of Books and Records Weighs in Favor of Transfer.

Most of the relevant documents, witnesses and evidence are located in Massachusetts. Contois Decl. at ¶¶ 4, 5. Although some of the documentary evidence can be produced electronically, the fact that much of evidence will be generated where it is located favors transfer. *Rauhala*, 2022 WL 16553383 at *3; *Abramson v. CWS Apartment Homes, LLC*, No. 16-426, 2016 WL 6634933, at *3 (W.D. Pa. Nov. 8, 2016) (finding the location of CWS's books and records in Texas favors transfer and rejecting plaintiff's argument that all the documents can be provided electronically because "[t]echnology advances do not render the last private factor superfluous").

Here, Plaintiff's putative nationwide class includes persons to whom EverQuote allegedly delivered marketing messages to within the last four years. ECF No. 1 at ¶ 38. Possible relevant information therefore includes whether EverQuote delivered marketing messages to the putative

class members; how EverQuote sent or made text messages; whether consent was obtained; whether the putative class members had an existing established business relationship with EverQuote; EverQuote's do-not-call policy, and whether EverQuote received do-not-call requests from the putative class members. *See e.g.*, *Gager v. Dell Financial Services, LLC*, 727 F.3d 265, 273 (3rd Cir. 2013) (finding that the established business relationship exemption applies to residential lines, and that calls made with prior express consent are exempt under the TCPA when made to cellular phones); *King v. Bon Charge*, No. 25-cv-00105-SB, 2025 WL 3764039, at *13 (D. Del. Dec. 30, 2025) (finding that "prior express invitation or permission" to receive marketing messages is an affirmative defense available to the defendant, which the defendant might claim as the litigation goes forward); *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618-19 (3rd Cir. 2020) (finding that voluntary provision of a number by a message-recipient to a message sender "constitutes express consent, invitation, and permission"); *Tauro v. Direct Energy LP,* No. CIV.A. 14-816, 2015 WL 1198421, at *2 (W.D. Pa. Mar. 16, 2015) (quoting the TCPA's affirmative defense of "reasonable practices and procedures to effectively prevent telephone solicitations"). All of the information will be collected and accessed from Massachusetts.

Therefore, the relative ease of access to the sources of proof favors transfer.

### 6. Other Factors Also Weigh in Favor of Transfer.

In addition to the foregoing private interest factors, the Court also considers several public interest factors in determining whether to grant a motion to transfer venue, including 1) the enforceability of the judgment; 2) practical considerations that would make trial easy, expeditious or inexpensive; 3) the congestion of the courts' dockets; 4) the local forum's interest in deciding the case; 5) the public policies of the fora, and 6) the trial judge's familiarity with any state law. *Jumara*, 55 F.3d at 879-80; *Shelton*, 2025 WL 693249 at *4.

Most of the factors are neutral because the judgment is equally enforceable in this District and the District of Massachusetts, and the matter presented is of federal law, not state law. However, the second factor – practical considerations that would make trial easy, expeditious or inexpensive – and fourth factor – the local forum's interest in deciding the case – strongly favor transfer.

First, courts consider whether practical considerations would make trial easy, expeditious or inexpensive. *Shelton*, 2025 WL 693249 at *4. As discussed above, the material witnesses and the books and records are located in Massachusetts. The depositions and the production of evidence will be most likely to be conducted in Massachusetts. Therefore, the District of Massachusetts can proceed more efficiently and cost-effectively. Furthermore, this action has just commenced and "a transfer will not significantly disrupt the litigation or result in a waste of judicial resources." *Smith v. HireRight Solutions, Inc.*, No. 09–6007, 2010 WL 2270541, at *9 (E.D. Pa. Jun. 7, 2010) (citing *Zokaites v. Land–Cellular Corp.*, 424 F.Supp.2d 824, 841 (W.D. Pa. 2006)).

Second, when a plaintiff brings a putative nationwide class action, the forum where the corporate defendant is based has a greater interest in adjudicating the dispute. *Shelton*, 2025 WL 693249 at *5. Here, this District has no particular local interest because the only alleged injury is connected to the Plaintiff, and no allegations or evidence suggest harm to other Pennsylvania residents. Because EverQuote is based in Massachusetts, the District of Massachusetts has a stronger interest in deciding this case.

## V. CONCLUSION

Based on the foregoing reasons, this Court should transfer this Action to the United States District Court for the District of Massachusetts.

Dated: February 27, 2026

        Respectfully submitted,

        */s/ V. Amanda Witts*
        V. Amanda Witts, Esq. (Bar No. 308902)
        MITCHELL SANDLER PLLC
        2020 K Street NW, Suite 760
        Washington, D.C. 20006
        (202) 886-5267
        v.awitts@mitchellsandler.com

        AND

        Eric J. Troutman (*pro hac vice* forthcoming)
        California Bar No. 229263
        Puja J. Amin (*pro hac vice* forthcoming)
        California Bar No. 299547
        Tori L. Guidry (*pro hac vice* forthcoming)
        Louisiana Bar No. 37704
        TROUTMAN AMIN, LLP
        400 Spectrum Center Drive, Suite 1550
        Irvine, California 92618
        Telephone: (949) 350-3663
        Facsimile: (214) 758-1550
        troutman@troutmanamin.com

        *Attorney for Defendant EverQuote, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 27, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                */s/ V. Amanda Witts*
                                                V. Amanda Witts, Esq.