# **EXHIBIT A**

Case 2:26-cv-00001-JMY    Document 9-3    Filed 02/27/26    Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated, *Plaintiff*, v. EVERQUOTE, INC. *Defendant.* | Case No. 2:26-cv-00001 HON. JOHN M. YOUNGE |

### DECLARATION OF MADELINE CONTOIS IN SUPPORT OF DEFEDANT EVERQUOTE, INC.'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)

I, Madeline Contois, declare:

**1.** I submit this declaration in support of Defendant EverQuote, Inc.'s ("EverQuote") Motion to Transfer pursuant to 28 U.S.C §1404(a). I have personal knowledge of the facts set forth in this declaration based on my position as VP, Performance Marketing of EverQuote. This Declaration is based upon my personal knowledge and, if called to testify as a witness, I could and would competently testify thereto.

**2.** EverQuote's headquarters and its principal executive offices are located in Cambridge, Massachusetts.

**3.** EverQuote's executive team is based in Cambridge, Massachusetts. The policy generated by the executive team is largely developed, maintained, and implemented by personnel located in Cambridge, Massachusetts.

1

4.	Based on my personal knowledge and review of the Complaint and EverQuote's records, the majority of EverQuote's key employees who may have knowledge or information that relates to the claims made in this case are located in Cambridge, Massachusetts, including: 1) Maddy Contois, Vice President of Performance Marketing, who is the project owner for system-sent marketing messages and a Massachusetts resident; 2) Fernando Agulia, Senior Manager of Analytics, who operates the text remarketing program and oversees consumer outreach, including maintaining text logs, customer consent, and do-not-call requests that directly respond to text messages, and who is a Massachusetts resident; 3) Josh Silvia, Engineering Manager, who oversees consumer outreach and is a Massachusetts resident; 4) Ben Bejelloun Toumi, Director of Project Management, who is responsible for recording customer consent obtained through EverQuote's own websites and is a Massachusetts resident; 5) John Sinnigen, Senior Vice President of Business Development, who owns EverQuote's third party program and is responsible for collecting customer consents on third-party websites, and who is a Massachusetts resident; 6) Daniel Fritz, Principal Engineer, who previously worked on remarketing and is a Massachusetts resident; 7) Derek Bennewies, Vice President of Distribution Analytics, who is the former owner of the remarketing program that sent the text messages and is also a Massachusetts resident.

5.	Based on my personal knowledge and review of the Complaint and EverQuote's records, other individuals who may have knowledge or information regarding the putative class members and EverQuote's general marketing practices include: 1) Kyle Ralph, Vice President of Business Development, who is a North Carolina resident; 2) Steve Walter, Director of Business Development, who owns the relationships with most of EverQuote's third party network and is a Kansas resident; and 3) Anitha Nagaraju, Senior Technical Product Manager, who is the owner of EverQuote's LSS system and is a Massachusetts resident.

6.	Based on my personal knowledge and review of the Complaint and EverQuote's

records, EverQuote has no employees or agents located in Pennsylvania who are responsible for consumer outreach or sending the text messages at issue.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this __26__ day of February 2026 in __Boston__, __Massachusetts__.

Signed by:

*Madeline Contois*

Madeline Contois
EverQuote, Inc.

3