**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES E. SHELTON,** individually and on behalf of all others similarly situated, | Case No. 2:26-cv-00001 |
| *Plaintiff,* | **CLASS ACTION** |
| *v.* | **JURY TRIAL DEMANDED** |
| **EVERQUOTE, INC.** | |
| *Defendant.* | |

**MOTION AND BRIEF IN SUPPORT OF MOTION TO DENY
PENDING MOTIONS AS MOOT, OR, IN THE ALTERNATIVE,
FOR CASE MANAGEMENT AND SEQUENCING ORDER**

On April 10, 2026, the Plaintiff filed his First Amended Class Action Complaint in this matter. As a result, Plaintiff respectfully moves this Court for an order denying as moot the Defendant's *six* pending motions, including denying as moot Defendant's Motions to Dismiss (ECF Nos. 11, 12), and Motion to Strike (ECF No. 13), and denying without prejudice Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (ECF No. 9), Motion to Compel Arbitration (ECF No. 10), and Motion for Stay (ECF No. 14), in light of the First Amended Complaint, which is the operative pleading in this matter. To the extent that Defendant contends any of these motions survive amendment, this Court should direct refiling of the motions, including in the sequence it directs. Alternatively, this Court should enter an appropriate case management and sequencing order to address the competing motions Defendant is anticipated to file in response to avoid serial conflicting motion practice and to ensure the " just, speedy, and inexpensive determination of" this proceeding. FED. R. CIV. P. 1.

This filing is also intended to serve, to the extent necessary, as Plaintiff's consolidated response in lieu of the three remaining technically pending motions not directed to the pleading itself, the Motion to Transfer, the Motion to Compel Arbitration, and Motion to Stay Discovery. Plaintiff does not intend to waive any opposition to any pending motion by proceeding in this orderly manner, but, because Defendant has filed a stack of overlapping threshold motions directed at a now-superseded complaint, Plaintiff respectfully submits that the proper course is for the Court to address those motions through this filing, deny as moot those motions aimed at the original pleading, and require motion practice to be directed in an appropriate sequence.

## BRIEF IN SUPPORT

### INTRODUCTION

On February 27, 2026, Defendant filed six separate motions: a motion to transfer venue (ECF No. 9), a motion to compel arbitration (ECF No. 10), a motion to dismiss under Rule 12(b)(1) (ECF No. 11), a motion to dismiss under Rule 12(b)(6) (ECF No. 12), a motion to strike class allegations (ECF No. 13), and a motion to stay discovery (ECF No. 14). The Rule 12 motions and the motion to strike class allegations are expressly directed to the allegations in the original Complaint, which has been superseded by the filing of the Amended Complaint. The stay motion was also targeted to various allegations and alleged deficiencies in the original Complaint, some arguments of which are inapplicable to the Amended Complaint. And, relatedly, the Amended Complaint directly addresses the allegations and arguments made in the Motion to Transfer and the Motion to Compel Arbitration.

Accordingly, Plaintiff respectfully requests that the Court treat this filing as sufficient in lieu of separate responses to the remaining outstanding motions, deny as moot the motions directed to the superseded complaint, and deny without prejudice any motion Defendant claims

survives amendment, and enter a sequencing order to address the threshold issue of serial motion practice that the Defendant is expected to continue, despite the filing of the First Amended Complaint.

## LAW AND ARGUMENT

### A. This Court should treat this response as sufficient and deny as moot or superseded any outstanding motions.

Plaintiff respectfully submits that this omnibus filing should be deemed sufficient in lieu of separate responses to any pending motions. Defendant has filed a stack of six overlapping threshold motions aimed at a complaint that is no longer operative, some of which request contradictory relief. It is clear that three of these motions – the dismissal motions and motion to strike, are moot as a result of the filing of the Amended Complaint. *Pippett v. Waterford Dev., LLC*, 166 F. Supp. 2d 233, 236 (E.D. Pa. 2001) (holding amended complaint generally moots the motion to dismiss); *Marinkovic v. Mercer Cnty. Tax Claim Bureau*, No. 2:16-CV-292, 2017 WL 1134566, at *4 n.4 (W.D. Pa. Mar. 27, 2017) (holding motion to strike was rendered moot by filing of an amended complaint).

Defendant's Rule 12(b)(1) motion was expressly directed to Count II of the original Complaint, which alleged a separate Caller ID claim. Defendant's Rule 12(b)(6) motion likewise attacked the original Caller ID claim. And Defendant's motion to strike class allegations similarly attacked both the original language of the National DNC Class, which has been revised, and the Telemarketing Caller ID Class, which has been removed. Those motions are now moot.

The remaining three motions should likewise either be re-pled in an order the Court directs and denied without prejudice at the present time. Although the amended complaint does not automatically moot the pending motions to transfer, compel arbitration, and stay discovery, *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 473 (3d Cir.

2024), the Amended Complaint pleads new allegations, including the Plaintiff's physical location at the time of the calls (relevant to the motion to transfer), denying that the Plaintiff visited the website alleged (relevant to the motion to compel arbitration), and removing the caller ID claim (relevant to the motion to stay discovery, particularly as to that claim.

Specifically, Defendant's transfer motion argues that this District has little connection to the controversy beyond Plaintiff himself, while Massachusetts supposedly has the stronger connection because EverQuote is based there and its records and witnesses are located there. The First Amended Complaint strengthens the Pennsylvania nexus and addresses that premise, including pleading additional facts related to Plaintiff's telephone number registration and physical presence in Pennsylvania when he received the calls.

Next, Defendant's arbitration motion depends entirely on a disputed formation narrative. Specifically, it alleges that Plaintiff visited auto.provide-insurance.com and agreed to a contract containing a mandatory arbitration provision. The First Amended Complaint now squarely addresses those allegations by clarifying never requested the calls, never visited auto.provide-insurance.com, never requested insurance quotes from that website, and never agreed to arbitrate any claims with Defendant because he did not contract with Defendant in October 2025. Those allegations contest the factual foundation on which Defendant's original Motion rested. Any renewed arbitration motion Defendant should be weighed against the factual allegations present in the operative complaint. Relatedly, under those circumstances, the proper course is not to stay discovery altogether, but to, at minimum, to permit limited discovery directed to arbitrability if Defendant elects to renew its arbitration motion. *See Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (holding that discovery is necessary to decide arbitrability when formation is disputed).

What's more, some clarity is required before the Plaintiff is required to address contradictory pleadings. This is most evident in the pending motion to compel and the motion to transfer, which seek fundamentally incompatible remedies. The Defendant has sought to transfer this matter to the District of Massachusetts but at the same time contends that "[t]his case does not belong in court." (ECF No. 10-1 p. 5). Both contentions cannot simultaneously be true, particularly as Defendant does not plead in either motion that it is seeking alternative relief. It has simply filed two motions with fundamentally opposing relief, as it is unclear how Defendant can simultaneously take the position that this case belongs in an arbitral forum while also seeking to transfer this matter to another District. Requiring Plaintiff to file multiple separate briefs, each directed to a superseded pleading and each covering contradictory positions, would elevate form over substance and needlessly multiply motion practice. *See Mount Prospect*, 98 F.4th at 472.

The logical consequence of the supersession doctrine is that a motion directed at the original, now-nullified, complaint is left without an operative target. District courts within the Third Circuit have broadly applied this principle to deny pending motions as moot when an amended complaint is filed. *See Tshudy v. Pennsylvania State Univ.*, No. 4:22-CV-01431, 2023 WL 2564250, at *2 (M.D. Pa. Mar. 16, 2023). And though the Third Circuit has held in *Mount Prospect* that amended complaint do not *automatically* moot pending motions, district courts may still, in their discretion, deny as moot motions directed to subsequently amended complaints. *Mount Prospect*, 98 F.4th at 472.

Plaintiff expressly does not waive any argument against transfer, arbitration, a stay, or any other relief requested by Defendant in its motions. If the Court concludes that any pending motion remains live notwithstanding amendment and does not grant the requested relief

requested in this Motion, Plaintiff respectfully requests that he be given an additional extension to file a more fulsome opposition on the merits.

**B. The Court should address anticipated serial motion practice through a sequencing order.**

Even assuming, *arguendo*, that the motions to transfer, compel arbitration, and stay are not technically mooted, the Court should still deny them without prejudice and issue a sequencing order to address the contradictory motions and address the competing requests for relief in a manner that makes sense. Plaintiff respectfully submits that this Court should first address the pending motion to compel arbitration before it addresses the propriety of a stay of discovery or a transfer.

As an initial matter, a Court has the inherent authority to determine the sequencing of pending motions in such a manner to make efficient use of judicial resources. *See Jackson v. University of Pittsburgh*, 141 F.R.D. 253, 254 (W.D. Pa. 1992); *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 702 (3d Cir. 2005) ("We encourage the district court to group the motions in some such manner."); *Boldman v. Wal-Mart Stores, Inc.*, No. 16-4, 2016 WL 5122405, at *2 (D.N.J. Sept. 20, 2016) (noting that the framers of the Federal Rules note that a court "may conduct pretrial proceedings in phases, including dispositive motions, as it sees fit"). That authority is especially appropriate here, since Defendant has pursued serial and overlapping motions practice seeking multiple, materially different forms of threshold relief, transfer to another district, compelling the case to arbitration, dismissal on jurisdictional grounds, dismissal on merits grounds, class striking, and a complete stay of discovery.

At minimum, this Court, as other Judges in this district have done with respect to the same counsel and same conduct of filing serial motions, should *first* address any anticipated motion to compel arbitration, as the resolution of the threshold question of whether or not the

parties agreed to arbitrate at all is a threshold question that implicates the jurisdiction of any federal Court. *See Newell v. LendVia, LLC*, No. CV 25-1018, 2025 WL 2380706, at *1 (E.D. Pa. Aug. 15, 2025). Indeed, because it is Defendant's position that the agreement to arbitrate would encompass the dispute at issue in this case, the resolution of who decides those case-related questions will necessarily depend on whether the parties agreed to arbitrate as an initial matter. Another court faced with a similar issue in the TCPA context has adopted this very approach and denied as moot similar motions pending the outcome of a summary arbitration trial. *E.g.*, *McCullagh v. SmartMatch Ins. Agency, LLC*, No. 1:25-CV-00174-CL, 2026 WL 968305, at *7 (D. Or. Feb. 11, 2026) (ordering jury trial on motion to compel arbitration in TCPA case and denying motion to dismiss and strike as premature). For that matter, the *Newell* Court adopted the same approach.

Depending on what discovery shows on arbitration, which is narrower than the calling issues on which Defendant seeks to transfer this action, the Court should then either deny the motion outright, schedule a summary jury trial (as in *Newell*), or compel the case to arbitration. In so doing, the Court, and the parties, will be able to structure their, and the Court's, resources and direct them to pleadings and motions practice that makes the most procedural sense.

That approach causes no unfair prejudice to Defendant. Defendant would remain free to renew any motion it believes remains viable, but only once threshold matters potentially mooting or at least narrowing the forms of relief are decided. Plaintiff should not be forced to brief a stack of overlapping motions seeking contradictory and procedurally distinct relief, all targeted at allegations and claims that are no longer before the Court.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order recognizing the First Amended Complaint as the operative pleading, denying as moot Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) (ECF No. 11), Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 12), and Motion to Strike Class Allegations (ECF No. 13), further denying without prejudice the Motion to Stay Discovery (ECF No. 14), Motion to Transfer (ECF No. 9), and Motion to Compel Arbitration (ECF No. 10), and enter an appropriate case management and sequencing order addressing and appropriately sequencing any further threshold motion practice, including any potential motion to compel arbitration.

RESPECTFULLY SUBMITTED AND DATED this April 10, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar # 333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2026, a copy of the foregoing was served via CM/ECF, which will electronically serve all counsel of record who have appeared.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar # 333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305