**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Case No. 2:26-cv-00001 |
| *v.* | HON. JOHN M. YOUNGE |
| EVERQUOTE, INC. | |
| *Defendant.* | |

**DEFENDANT EVERQUOTE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND ................................................................................ 2

III.    LEGAL STANDARD ........................................................................................... 3

IV.     ARGUMENT—PLAINTIFF FAILS TO STATE A VALID CLAIM UNDER
        THE TCPA ............................................................................................................ 4

        A.     Plaintiff's Claims Must Be Dismissed Because The TCPA's DNC Provisions
               Apply Only To "Telephone Calls," Not Text Messages ................................. 4

        B.     The Statutory Structure of the TCPA Confirms This Interpretation ............... 6

        C.     The Growing Weight of Post-*McLaughlin* Authority Supports Dismissal ........ 8

        D.     This Court Should Independently Interpret the Statute and Decline to Follow
               the Contrary Decisions .................................................................................... 9

V.      CONCLUSION .................................................................................................... 12

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,

  556 U.S. 662 (2009) ................................................................................................ 3, 4, 5

*Bell Atl. Corp. v. Twombly*,

  550 U.S. 544 (2007) ................................................................................................ 3, 4, 5

*Bostock v. Clayton County*,

  590 U.S. 644 (2020) .................................................................................................... 6

*Bradford v. Sovereign Pest Control of TX, Inc.*,

  2026 WL 520620 (5th Cir. Feb. 25, 2026) ................................................................. 12

*Conroy v. Aniskoff*,

  507 U.S. 511 (1993) .................................................................................................... 15

*Davis v. CVS Pharmacy, Inc.*,

  797 F. Supp. 3d 1270 (N.D. Fla. 2025) ............................................................. 9, 11, 14

*Davis v. CVS Pharmacy, Inc.*,

  797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025) .............................................................. 6

*Fernandez v. Seaboard Marine LTD.*,

  135 F.4th 939 (11th Cir. 2025) ...................................................................................... 8

*Fowler v. UPMC Shadyside*,

  578 F.3d 203 (3d Cir. 2009) ........................................................................................ 4, 5

*Howard v. Republican National Committee*,

  164 F.4th 1119 (9th Cir. 2026) .................................................................................. 7, 15

*Ins. Mktg. Coal. Ltd. v. Fed. Commc'ns Comm'n*,

  127 F.4th 303 (11th Cir. 2025) .................................................................................... 11

*Iraola & CIA, S.A. v. Kimberly-Clark Corp.*,

  232 F.3d 854 (11th Cir. 2000) ...................................................................................... 8

*James v. Smarter Contact, Inc.*,

  2026 WL 879244 (M.D. Fla. Mar. 31, 2026) ....................................................... *passim*

*Jones v. Blackstone Med. Servs., LLC*,

  792 F. Supp. 3d 894 (C.D. Ill. 2025) ....................................................................... 10, 11

*Loper Bright Enters. v. Raimondo*,
 603 U.S. 369 (2024) .................................................................................................. 1

*Lopresti v. Nouveau Essentials Mktg. LLC*,
 2026 U.S. Dist. LEXIS 39599 (M.D. Fla. Feb. 26, 2026) ....................................... 11

*McGonigle v. Pure Green Franchise Corp.*,
 2026 WL 111338 (S.D. Fla. Jan. 15, 2026) ............................................................ 10

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*,
 606 U.S. 146 (2025) .............................................................................................. 1, 5

*Niz-Chavez v. Garland*,
 593 U.S. 155 (2021) .................................................................................................. 6

*Pulsifer v. United States*,
 601 U.S. 124 (2024) .................................................................................................. 8

*Radvansky v. 1-800-Flowers.com*,
 2026 WL 456919, at *4 (N.D. Ga. Feb. 17, 2026) ..................................... 10, 11, 16

*Radvansky v. Kendo Holdings, Inc.*,
 2026 WL 810929 (N.D. Ga. Feb. 12, 2026) ............................................................ 11

*Richards v. Fashion Nova*,
 2026 WL 847568 (S.D. Ind. Mar. 26, 2026) .......................................................... 10

*Richards v. Shein Distribution Corp.*,
 2026 WL 847584 (S.D. Ind. Mar. 26, 2026) .......................................................... 10

*Satterfield v. Simon & Schuster, Inc.*,
 569 F.3d 946 (9th Cir. 2009) ................................................................................. 14

*Sayed v. Naturopathica Holistic Health, Inc.*,
 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025) ............................................... 9, 11, 16

*Stockdale v. Skymount Prop. Grp., LLC*,
 2026 WL 591842 (N.D. Ohio Mar. 3, 2026) .......................................................... 11

*Sunshine State Reg'l Ctr., Inc. v. Dir., U.S. Citizenship & Immigr. Servs.*,
 143 F.4th 1331 (11th Cir. 2025) .............................................................................. 8

*U.S. Express Lines Ltd. v. Higgins*,
 281 F.3d 383 (3d Cir. 2002) ................................................................................. 4, 5

iv

**Statutes and Rules**

47 U.S.C. § 227.................................................................................................. 4, 7, 9, 10

**Other Authorities**

Telephone Consumer Protection Act of 1991, Pub. L. No. 102–243, 105 Stat. 2394 (1991) ........ 9

The Random House Dictionary of the English Language (2d ed. 1987)........................................ 8

Defendant EverQuote, Inc. ("EverQuote"), by and through its undersigned counsel, hereby moves this Honorable Court to dismiss Plaintiff James E Shelton's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    **INTRODUCTION**

Plaintiff's FAC asks this Court to rewrite the plain text of the Telephone Consumer Protection Act ("TCPA") to equate "text messages" to "telephone calls." Following the Supreme Court's recent decisions in *Loper Bright* and *McLaughlin*, this Court is no longer bound by past Federal Communications Commission ("FCC") interpretations and must interpret the TCPA "under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.,* 606 U.S. 146, 168 (2025); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024).

The FAC now asserts a single cause of action—Count I—alleging that EverQuote violated the TCPA's National Do Not Call ("DNC") Registry provisions by sending text messages to Plaintiff's cellular telephone number. The sole remaining claim arises under 47 U.S.C. § 227(c)(5), which provides a private right of action only to "[a] person who has received more than one **telephone call**." 47 U.S.C. § 227(c)(5) (emphasis added). The statute does not mention text messages, and Plaintiff does not allege that he received a single voice call.

Accordingly, this Motion should be granted for one straightforward reason: text messages are not "telephone calls." As one Court recently explained after a thorough analysis of the statute's text and structure: "a text message, which does not use a telephone to reproduce sounds at a distance, is not included or embraced in the ordinary public meaning of 'telephone call' from 1991." *James v. Smarter Contact, Inc.*, No. 8:25-cv-1657-KKM-SPF, 2026 WL 879244, at *3 (M.D. Fla. Mar. 31, 2026). Because Plaintiff's entire claim is predicated on his receipt of text

1

messages, the FAC fails to state a plausible claim for relief and must be dismissed under Rule 12(b)(6).

## II.     FACTUAL BACKGROUND

Plaintiff filed his original Complaint on January 1, 2026, asserting two causes of action: (1) violations of the TCPA's National DNC Registry provisions under 47 U.S.C. § 227(c)(5); and (2) violations of the Caller ID transmission requirements under 47 C.F.R. § 64.1601(e)(1). Plaintiff also sought to represent two proposed classes: a National DNC Class and a Telemarketing Caller ID Class. ECF No. 1.

On February 27, 2026, EverQuote filed six responsive motions, including a Motion to Dismiss pursuant to Rule 12(b)(6) (ECF No. 12), a Motion to Dismiss pursuant to Rule 12(b)(1) (ECF No. 11), a Motion to Strike Class Allegations (ECF No. 13), a Motion to Compel Arbitration (ECF No. 10), a Motion to Transfer Venue (ECF No. 9), and a Motion to Stay Discovery (ECF No. 14).

Plaintiff filed the FAC on April 10, 2026, and simultaneously moved to deny all pending motions as moot. ECF Nos. 19, 20. On April 13, 2026, the Court denied EverQuote's motions— the Motions to Dismiss and Motion to Strike as moot without prejudice, and the remaining motions without prejudice. ECF No. 21.

The FAC is materially narrower than the original Complaint. Plaintiff abandoned his Caller ID claim under 47 C.F.R. § 64.1601(e)(1) and the associated Telemarketing Caller ID Class. The FAC also removed the word "telemarketing" from the proposed National DNC Class definition. The FAC now asserts a single cause of action—Count I—for violations of the TCPA's National DNC Registry provisions under 47 U.S.C. § 227(c)(5), and seeks to represent a single class.

As to the underlying facts, Plaintiff alleges that EverQuote sent at least fourteen

"telemarketing text message calls" to his cellular telephone number between October 2025 and November 2025. FAC ¶¶ 22–23. Plaintiff alleges that his telephone number has been listed on the National DNC Registry for at least one year prior to the texts at issue. FAC ¶ 21. Plaintiff alleges that these text messages advertised EverQuote's insurance services and included links to EverQuote's website. FAC ¶ 28. Plaintiff also alleges that he never visited the website auto.provide-insurance.com and never requested insurance quotes from that website. FAC ¶ 29.

Critically, Plaintiff does not allege that he received a single voice call from EverQuote. His entire claim rests on text messages. *See generally* FAC.

## III. <u>LEGAL STANDARD</u>

A complaint that "fail[s] to state a claim upon which relief can be granted" is subject to dismissal under Rule 12(b)(6). Under this rule, a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"When considering a Rule 12(b)(6) motion, courts accept as true the allegations in the complaint and its attachments, as well as reasonable inferences construed in the light most favorable to the plaintiffs." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citation omitted). The Third Circuit has made it clear that "[a]fter *Iqbal,* it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556

3

U.S. at 678); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…" (internal citations omitted)). To survive a motion to dismiss, a civil complaint must contain "sufficient factual matter" to state a claim that is facially plausible. *Fowler*, 578 F.3d at 210. Facial plausibility exists when the pleaded facts allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Together, *Iqbal* and *Twombly* establish that a plaintiff's allegations must cross the line from merely possible to plausible. *Fowler*, 578 F.3d at 210 (citations omitted); *see also Iqbal*, 556 U.S. at 678–80; *Twombly*, 550 U.S. at 555.

Additionally, although a district court may not consider matters extraneous to the pleadings when ruling on a motion to dismiss pursuant to Rule 12(b)(6), "a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *U.S. Express Lines Ltd.*, 281 F.3d at 388 (citation omitted) (emphasis added in original).

## IV.  ARGUMENT—PLAINTIFF FAILS TO STATE A VALID CLAIM UNDER THE TCPA.

### A. Plaintiff's Claims Must Be Dismissed Because The TCPA's DNC Provisions Apply Only To "Telephone Calls," Not Text Messages.

The TCPA's DNC private right of action, 47 U.S.C. § 227(c)(5), expressly provides a remedy only for "[a] person who has received more than one **telephone call**." 47 U.S.C. § 227(c)(5) (emphasis added). Section 227(c)(5) does not mention text messages. *Id.* Although courts historically relied on FCC interpretations that re-wrote the plain meaning of "call," the

4

Supreme Court's decision in *McLaughlin* freed the courts to interpret the TCPA as Congress intended. *McLaughlin*, 606 U.S. at 155 ("The District Court is not bound by the FCC's interpretation of the TCPA.").

When determining a statute's meaning, courts "seek[ ] to afford the law's terms their ordinary meaning at the time Congress adopted them." *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021); *see also Bostock v. Clayton County*, 590 U.S. 644, 654 (2020) ("This Court normally interprets a statute in accord with the ordinary public meaning of its terms at the time of its enactment.").

The ordinary public meaning of "telephone call" in 1991, when the TCPA was enacted, unambiguously referred to a voice communication. As the Court in *James v. Smarter Contact, Inc.* explained after examining dictionaries from before and after the TCPA's enactment, "telephone" was defined as "an apparatus, system, or process for transmission of *sound or speech* to a distant point." *James*, 2026 WL 879244 at *3 (citing The Random House Dictionary of the English Language 1952 (2d ed. 1987)) (emphasis in original). And "call" was defined as "an act or instance of telephoning." *Id.* (citing The Random House Dictionary of the English Language 297 (2d ed. 1987)). Thus, "a text message, which does not use a telephone to reproduce sounds at a distance, is not included or embraced in the ordinary public meaning of 'telephone call' from 1991." *Id.*

Even putting historical dictionary definitions aside, the ordinary meaning and present-day usage of the term "telephone call" simply does not encompass text messages. As the *Davis* court observed, "no ordinary person would think of a text message as a 'telephone call.'" *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025).

The TCPA was enacted on December 20, 1991. The first SMS text message was not sent until December 3, 1992. *See James*, 2026 WL 879244, at *5 n.3 (citing Telephone Consumer

Protection Act of 1991, Pub. L. No. 102–243, 105 Stat. 2394 (1991)). Congress, therefore, could not possibly have intended the term "telephone call" to encompass a technology that was not yet in use. While the *James* court correctly noted that "general terms may embrace later technological innovations," the Court concluded that "'telephone call' carried a more limited meaning, one tied to sound." *Id.*

Critically, courts that have concluded text messages are "calls" often commit the error of analyzing only the word "call" in isolation. As *James* explained, these courts "compound the error by neglecting to consider the modifying effect on 'call' from 'telephone' as understood in 1991." *Id.* at *4. Even using the definition of "call" as a verb—"to communicate with or try to get into communication with a person by telephone"—a text message is not communicating by reproducing sounds at a distance. *Id. James* specifically identified this error in the reasoning of *Howard v. Republican National Committee*, 164 F.4th 1119 (9th Cir. 2026), and other courts that defined only the verb "call" without accounting for the modifying noun "telephone." *Id.*

Plaintiff alleges he received text messages, not telephone calls. As such, Plaintiff's claim fails at the threshold.

### B.  The Statutory Structure of the TCPA Confirms This Interpretation.

First, the TCPA's definition of "telephone solicitation" in § 227(a)(4) refers to the initiation of a "telephone call **or message**." 47 U.S.C. § 227(a)(4) (emphasis added). Yet, in the private right of action provision at issue here, § 227(c)(5), Congress used only the term "telephone call", without "or message." If Congress intended "telephone call" to include messages, the words "or message" in § 227(a)(4) would be surplusage. "When Congress uses different terms, we expect that they hold different meanings, especially when the same meaning would render one of the terms superfluous." *Fernandez v. Seaboard Marine LTD.*, 135 F.4th 939, 958 (11th Cir. 2025) (citing

*Pulsifer v. United States*, 601 U.S. 124, 149 (2024)); *see also James*, 2026 WL 879244, at *4; *Sunshine State Reg'l Ctr., Inc. v. Dir., U.S. Citizenship & Immigr. Servs.*, 143 F.4th 1331, 1344 (11th Cir. 2025) ("[W]hen a statute uses one term in one place and a distinct term elsewhere, the difference matters—that is, the distinct words have different meanings."); *accord Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 859 (11th Cir. 2000) ("[W]hen Congress uses different language in similar sections, it intends different meanings."). Thus, Congress's choice to omit the words "or message" from the private right of action was a deliberate one that forecloses Plaintiff's claim.

Second, § 227(b)(1)(A) uses the broader phrase "any call" when proscribing certain transmissions, while § 227(c)(5) uses the narrower "telephone call." *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025) (explaining that § 227(b)(1)(A) deals with "a broader prohibition on 'any call'" and not "the statutory term 'telephone call' at issue here"); *see also James*, 2026 WL 879244, at *5.

Third, Congress's later amendments to the TCPA further confirm that "telephone call" does not encompass text messages. In 2018, Congress passed the RAY BAUM'S Act, which explicitly expanded the TCPA to cover "a voice service or a text message sent using a text messaging service." 47 U.S.C. § 227(e)(8)(A)–(B). Yet Congress left § 227(c)(5)'s "telephone call" language untouched. "Congress understood the pertinent distinction and legislated mindful of the distinction." *Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025); *see also James*, 2026 WL 879244, at *4–5.

Fourth, the FCC's own rulemaking history undermines any argument that § 227(c)(5) covers text messages. The FCC's 2003 Order, which interpreted "calls" to include "texts," did so by explicitly referencing its authority under § 227(b) of the TCPA. *See Jones v. Blackstone Med.*

7

*Servs., LLC*, 792 F. Supp. 3d 894, 900–01 (C.D. Ill. 2025). As *Jones* correctly reasoned, the FCC's interpretation under the automatic telephone dialing system provision does not apply to the separate DNC provisions in § 227(c). *Id.* Indeed, Congress's delegation under the TCPA "did not authorize the FCC to determine that 'telephone call' includes text messages." *Radvansky v. 1-800-Flowers.com*, , 2026 WL 456919, at *4 (N.D. Ga. Feb. 17, 2026) (quoting *McGonigle v. Pure Green Franchise Corp.*, No. 25-61164-CIV-SINGHAL, 2026 WL 111338, at *2 (S.D. Fla. Jan. 15, 2026)).

Accordingly, the statutory structure confirms what the plain text makes clear: Congress did not extend § 227(c)(5) to text messages.

### C.  The Growing Weight of Post-*McLaughlin* Authority Supports Dismissal.

Since the Supreme Court's decision in *McLaughlin*, at least ten federal district courts across four circuits have applied the statute's plain text and structure to dismiss DNC claims based on text messages. *See James v. Smarter Contact, Inc.*, 2026 WL 879244 (M.D. Fla. Mar. 31, 2026); *Richards v. Fashion Nova*, 2026 WL 847568 (S.D. Ind. Mar. 26, 2026); *Richards v. Shein Distribution Corp.*, 2026 WL 847584 (S.D. Ind. Mar. 26, 2026); *Stockdale v. Skymount Prop. Grp., LLC*, 2026 WL 591842 (N.D. Ohio Mar. 3, 2026); *Lopresti v. Nouveau Essentials Mktg. LLC*, 2026 U.S. Dist. LEXIS 39599 (M.D. Fla. Feb. 26, 2026); *Radvansky v. 1-800-Flowers.com*, 2026 WL 456919 (N.D. Ga. Feb. 17, 2026); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-cv-00214-LLM, 2026 WL 810929, slip op. (N.D. Ga. Feb. 12, 2026); *Sayed*, 2025 WL 2997759 (M.D. Fla. Oct. 24, 2025); *Davis*, 797 F. Supp. 3d 1270 (N.D. Fla. 2025); *Jones*, 792 F. Supp. 3d 894 (C.D. Ill. 2025).

This plain-text conclusion is bolstered by a growing appellate consensus that the FCC cannot rewrite the TCPA under the guise of implementing it. The Eleventh Circuit recently vacated

8

an FCC rule because it "impermissibly conflict[ed] with the ordinary statutory meaning" of the TCPA. *Ins. Mktg. Coal. Ltd. v. Fed. Commc'ns Comm'n*, 127 F.4th 303, 311–12 (11th Cir. 2025). Similarly, the Fifth Circuit found that the FCC wrongly interpreted the TCPA's "express consent" requirement by adding a "written" requirement into the regulations. *See Bradford v. Sovereign Pest Control of TX, Inc.*, No. 24-20379, 2026 WL 520620, at *2–3 (5th Cir. Feb. 25, 2026). While the Ninth Circuit held that a text message is a "call" under § 227(b) in *Howard v. Republican National Committee*, 164 F.4th 1119 (9th Cir. 2026), that decision addressed the broader phrase "any call" in § 227(b)(1)(A)—not the narrower "telephone call" in § 227(c)(5) at issue here. *See James*, 2026 WL 879244 at *3–4 (identifying this distinction and rejecting *Howard*'s reasoning as applied to § 227(c)(5)).

This Court should be among the first to faithfully apply the statute's plain text.

### D. This Court Should Independently Interpret the Statute and Decline to Follow the Contrary Decisions.

Under *McLaughlin*, this Court must "independently determine for itself whether the agency's interpretation of a statute is correct" using "ordinary principles of statutory interpretation." *McLaughlin*, 606 U.S. at 155. Several district courts have reached contrary conclusions on this question, including courts within this District. *See, e.g. Newell v. Children's Dental Health Assocs., LLC*, No. 25-5238, 2026 WL 927378 (E.D. Pa. Apr. 6, 2026); *Cole v. C/T Install America, LLC*, No. 25-3531, 2026 WL 916582 (E.D. Pa. Mar. 23, 2026). As set forth below, however, the reasoning of those decisions does not withstand scrutiny, and this Court should decline to follow them.

As a threshold matter, neither *Gager v. Dell Financial Services, LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013), nor *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016)—both of which Plaintiff cites in the FAC—control the question presented here. Both were decided against the pre-

9

*McLaughlin* and pre-*Loper Bright* administrative-law backdrop, when courts generally afforded deference to the FCC's interpretations of the TCPA—including the FCC's 2003 Order treating "calls" as encompassing text messages—a framework that the Supreme Court has since displaced in *McLaughlin* and *Loper Bright*.

In *Gager*, the Third Circuit stated that "[t]he TCPA's prohibition on automated dialing applies to both voice calls and text messages." 727 F.3d at 269 n.2. But that statement was made under § 227(b)—the autodialer provision—which prohibits "any call," not the narrower "telephone call" in § 227(c)(5). *Gager* did not address, analyze, or interpret § 227(c)(5), and the decision predates *McLaughlin* and *Loper Bright*. Similarly, in *Campbell-Ewald*, the Supreme Court merely assumed—without deciding—that "call" in § 227(b) included text messages; the Court did not address the narrower term "telephone call" in § 227(c)(5). *See James*, 2026 WL 879244, at *2 n.1 ("Courts that have reached contrary conclusions on whether text messages are included within 'telephone call' in Section 227(c)(5) agree that this is, at most, persuasive because the Supreme Court merely assumed without deciding that 'call' in Section 227(b) included text messages in both *Campbell-Ewald* and in *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 n.2 (2021)."); *Davis*, 797 F. Supp. 3d at 1273 (noting "the Court assumed, but did not decide, that issue" and that the language in § 227(b) is a "broader prohibition on 'any call,'" not "telephone call").

Turning to the district court decisions, they share a common analytical error that *James* identified and rejected. By way of example, in *Cole*, the Court defined "call" as "to get or try to get into communication by telephone" and concluded that "there was no requirement that the communication via telephone be oral." *Cole*, 2026 WL 916582 at *1 n.1. The *Children's Dental* Court adopted the same approach, relying on the Ninth Circuit's definition of the verb "to call" as "to communicate with or try to get into communication with a person by a telephone." *Children's*

*Dental*, 2026 WL 927378, at *4 (quoting *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953–54 (9th Cir. 2009)).

Conversely, as *James* explained, these courts "compound the error by neglecting to consider the modifying effect on 'call' from 'telephone' as understood in 1991." *James*, 2026 WL 879244, at *4. In § 227(c)(5), "call" is used as a noun, modified by "telephone." *Id.* at *3. Even using the verb definition, a text message is not "communicating or attempting to communicate with someone by reproducing sounds at a distance." *Id.* at *4. *James* specifically identified this error in the Ninth Circuit's *Howard v. Republican National Committee*, 164 F.4th 1119 (9th Cir. 2026), and other courts that "limit[ ] this portion of their analysis to the definition of the verb form of 'call'" without accounting for the modifying noun "telephone." *Id.*

Moreover, in *Children's Dental*, the Court asserted that "[h]olding ... that 'telephone calls' encompasses texts under some subsections, but not others, would yield potentially absurd inconsistencies," *Children's Dental*, 2026 WL 927378, at *6, and that Congress's addition of "text message" to § 227(e) in 2018 "further confirms" that "call" already includes texts, *id.* Neither argument is persuasive. The purported "absurdity" is simply the product of Congress's deliberate choice to use different language in different subsections: § 227(b) prohibits "any call," while § 227(c)(5) is limited to "telephone call." As *James* held, "[t]he text of Section 227(c)(5) is clear, ending the inquiry." *James*, 2026 WL 879244, at *5. "The language of the statute is entirely clear, and if that is not what Congress meant then Congress has made a mistake and Congress will have to correct it." *Conroy v. Aniskoff*, 507 U.S. 511, 528 (1993) (Scalia, J., concurring in the judgment). And as for § 227(e), the opposite inference is correct: if "telephone call" in § 227(c)(5) already encompassed text messages, Congress would not have needed to add "text message" to § 227(e). The fact that Congress explicitly added "text message" to one section while leaving "telephone

11

call" unchanged in another demonstrates that Congress "understood the pertinent distinction and legislated mindful of the distinction." *Sayed*, 2025 WL 2997759, at \*2; *see also Radvansky v. 1-800-Flowers.com*, 2026 WL 456919, at \*3–4 (N.D. Ga. Feb. 17, 2026).

At bottom, because § 227(c)(5) does not apply to text messages, Plaintiff's sole remaining cause of action fails to state a claim.

## V.      **CONCLUSION**

For the foregoing reasons, EverQuote respectfully requests the Court grant its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: April 24, 2026                                    **Respectfully submitted**,

*/s/ V. Amanda Witts*
V. Amanda Witts, Esq. (Bar No. 308902)
MITCHELL SANDLER PLLC
2020 K Street NW, Suite 760
Washington, D.C. 20006
(202) 886-5267
v.awitts@mitchellsandler.com

AND

Eric J. Troutman (*pro hac vice forthcoming*)
California Bar No. 229263
Puja J. Amin (*pro hac vice forthcoming*)
California Bar No. 299547
Tori L. Guidry (*pro hac vice forthcoming*)
Louisiana Bar No. 37704
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

*Attorney for Defendant EverQuote, Inc.*

12

## CERTIFICATION OF SERVICE

I hereby certify that on April 24, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ V. Amanda Witts
V. Amanda Witts

13