IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES E. SHELTON, individually and on behalf of all others similarly situated,

*Plaintiff,*

Case No. 2:26-cv-00001

*v.*

HON. JOHN M. YOUNGE

EVERQUOTE, INC.

*Defendant.*

**DEFENDANT EVERQUOTE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Defendant EverQuote, Inc. ("EverQuote"), by and through its undersigned counsel, hereby moves this Honorable Court to stay discovery pending the outcome of EverQuote's Motion to Compel Arbitration, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and Motion to Strike Class Allegations (collectively the "Pending Motions").

I. **INTRODUCTION**

Plaintiff James E. Shelton's ("Plaintiff") filed his original Complaint on January 1, 2026. ECF No. 1. On February 27, 2026, EverQuote filed this Motion to Stay Discovery along with five other responsive motions. ECF No. 14. Rather than respond on the merits, Plaintiff filed the First Amended Complaint ("FAC") on April 10, 2026, and simultaneously moved to deny all pending motions as moot. ECF Nos. 19, 20. On April 13, 2026, the Court denied EverQuote's Motion to Stay without prejudice. ECF No. 21.

Where, as here, Plaintiff's FAC is riddled with fundamental threshold defects and destined to be dismissed, stricken, or compelled to another forum, this Court should exercise its broad

discretion to stay discovery. Plaintiff's FAC alleges that EverQuote violated the Telephone Consumer Protection Act ("TCPA"). However, EverQuote has filed three threshold motions, any one of which will entirely dispose of or drastically alter the trajectory of this litigation, making discovery at this stage an unjustified waste of the parties' and the Court's resources.

First, at the outset, this Court need not even reach the merits of Plaintiff's claims because this action does not belong in court. As EverQuote's Motion to Compel Arbitration establishes, Plaintiff affirmatively agreed to a valid arbitration provision containing a delegation clause and a strict class action waiver. Thus, this dispute belongs in individual, binding arbitration.

Second, even if this Court were the proper forum, the FAC fails on substantive grounds that require dismissal. EverQuote's Rule 12(b)(6) motion establishes that the FAC fails to state a claim as a matter of law: the plain text of the TCPA's DNC provisions do not apply to "text messages."

Third, even if Plaintiff's claim were to survive (which it should not), Plaintiff's proposed class definition is fatally overbroad, relies on impermissible merits-based criteria, and is facially uncertifiable as a matter of law, requiring it to be stricken immediately.

Good cause exists to stay discovery. Proceeding with burdensome, expensive class-wide TCPA discovery now—when the entire FAC is likely to be compelled to individual arbitration, dismissed on the pleadings, or stripped of its class allegations—would severely prejudice EverQuote and waste judicial resources. Conversely, a stay will cause no harm to Plaintiff, as this case is in its early stages with no answer filed and no discovery exchanged. To protect the parties and the Court from the substantial expense of potentially moot discovery, EverQuote respectfully requests that all discovery and pretrial deadlines be stayed pending the disposition of these threshold motions.

## II.    LEGAL STANDARD

"District courts retain broad discretion to manage the docket and resolve discovery disputes." *Elfar v. Twp. of Holmdel*, No. 24-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025) (finding that the district court acted within its discretion when it stayed discovery pending dispositive motions in order to conserve judicial resources). Federal Rule of Civil Procedure 26(c) provides that the court may stay discovery only on a showing of "good cause" by the party requesting the stay. Fed. R. Civ. P. 26(c)(1); *see also Perelman v. Perelman*, No. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.'").

A stay of discovery has been found to be proper in this jurisdiction where there is a "likelihood that [the pending] motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *Perelman*, 2011 WL 3330376, at *1 (quoting *Weisman v. Mediq, Inc.*, Civ. A. No. 95–1831, 1995 WL 273678, at *2 (E.D. Pa. 1995)). When determining the likelihood of the motion narrowing or outright eliminating discovery, the court does not need to form an opinion on the merits of the case. *Id.* Instead, the court "consider[s] the scope of the motion and ask[s] whether it 'may potentially lead to' the end of the case, and whether it will provide the parties with 'full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur.'" *Id.* (quoting *Weisman*, 1995 WL 273678, at *2).

The court also "balance[s] the competing interests of each party to determine whether the benefits of [the] stay outweigh the likely harm to the plaintiff." *Id.* (quoting *Babalola v. Donegal Mut. Ins. Co.*, No. 1:08-CV-621, 2008 WL 5278393, at *1 (M.D. Pa. Dec. 18, 2008)). The court considers the following factors: "(1) the scope of the pending motion; (2) the breadth of the non-

3

party discovery underway; (3) the harm and expense to which continued discovery would subject the movant or third parties; and (4) the harm that a delay in discovery would cause for the non-movant." *Id.* (citing *Weisman*, 1995 WL 273678, at \*2); *see also Brotherhood Mut. Ins. Co. v. First Presbyterian Church of Bethlehem*, No. 23-678, 2024 WL 7004405, at \*1 (E.D. Pa. Feb. 23, 2024) ("A stay may be appropriate, however, where the likelihood that resolution of the motion to dismiss 'may result in narrowing or an outright elimination of discovery outweighs the likely harm to be produced by delay.'") (citations omitted).

**III.   ARGUMENT**

**A. The Court Should Stay Discovery Until Resolution of the Pending Motions Because the Pending Motions May Potentially Dispose of the Entire Case Without Discovery.**

A stay of discovery is appropriate in this instance because the high probability that the Court's ruling on the threshold motions will either eliminate or significantly limit the need for burdensome discovery far exceeds any potential disadvantage caused by a temporary postponement. *Id.*; *see also Elfar*, 2025 WL 671112, at \*5 ("[C]ourts may reasonably stay discovery pending a motion to dismiss where the motion may render discovery futile.") (citation omitted). Although the pendency of a motion alone may not justify a stay, a stay may be proper "where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *N. Am. Commc'ns, Inc. v. InfoPrint Solutions Co., LLC*, No. 3:08-288, 2011 WL 4571727, at \*4 (W.D. Pa. July 13, 2011) (citation omitted). In determining whether a stay is warranted, this Court evaluates the scope of the pending motions and whether they may lead to the end of the case. *Perelman*, 2011 WL 3330376, at \*1.

This Court has previously exercised its discretion to stay discovery pending the resolution of a potentially dispositive motion on several occasions. *See, e.g., Pfizer Inc. v. Johnson &*

*Johnson*, No. 17-CV-4180, 2018 WL 1071932, at \*1 (E.D. Pa. Feb. 27, 2018) (granting a motion to stay finding that the motion had "the potential to dispose of the entire case and eliminate the need for discovery" and "[i]n such a case, the balance will generally lean in favor of staying discovery.") (citing *Weisman*, 1995 WL 273678, at \*2); *see also Jackson v. N. Telecom, Inc.*, No. 90-0201, 1990 WL 39311, at \*1 (E.D. Pa. Mar. 30, 1990) (staying discovery until resolution of defendants' motion to dismiss); *U.S. ex rel. Spay v. CVS Caremark Corp.*, No. 09-4672, 2012 WL 11948492, at \*1 (E.D. Pa. July 11, 2012) (same). And the Third Circuit has upheld district court decisions to stay discovery pending the outcome of such motions. *See Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (recognizing that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where" resolution of the motion would render discovery futile); *see also Elfar*, 2025 WL 671112, at \*5.

Here, the scope of the threshold motions is broad and potentially case-ending. EverQuote has filed four separate, threshold Pending Motions, any one of which has the potential to entirely dispose of this action or fundamentally alter and narrow its scope.

First, EverQuote has filed a Motion to Compel Arbitration because Plaintiff's claims belong in binding, individual arbitration before the AAA. By affirmatively submitting his information and accepting the Terms of Use presented on EverQuote's owned and operated website, auto.provide-insurance.com, Plaintiff agreed to arbitrate any disputes or claims arising out of or relating to his use of the website on a purely individual basis. The valid arbitration agreement features a broad delegation clause specifically reserving issues of arbitrability for the arbitrator, meaning the AAA is the only appropriate forum to hear Plaintiff's claims.

Second, EverQuote has filed a Motion to Dismiss pursuant to Rule 12(b)(6), which would dispose of the FAC in its entirety for failure to state a claim. Plaintiff's DNC claim fails as a matter

of law because "text messages" simply are not "telephone calls" under the plain language of the TCPA's DNC provisions.

Third, EverQuote has filed a Motion to Strike Class Allegations that may dispose of all claims by the putative class members. The National DNC Class is fatally overbroad and lacks basic Rule 23 commonality. The class definition improperly sweeps in individuals who did not personally register their numbers, those who expressly consented to receive messages, and those who had an established business relationship with EverQuote. Furthermore, the class definition runs afoul of the rule against one-way intervention by relying on impermissible, merits-based criteria.

Because these motions are meritorious and may dispose of or substantially narrow Plaintiff's claims, there is substantial good cause to stay discovery. *See 19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) ("[A] stay is proper where the likelihood that [the motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay.") (quoting *Weisman*, 1995 WL 273678, at *2)); *see also Channing Bete Co., Inc. v. Greenberg*, No. 3:19-CV-30032-MGM, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021) ("[T]he possibility that a single claim will survive does not preclude granting a motion for a stay.") (citation omitted).

In sum, this Court should not allow burdensome TCPA class discovery to commence while EverQuote's four motions remain pending that, if granted, would either render discovery entirely moot or drastically alter its scope.

## B. A Limited Stay of Discovery is Reasonable and Appropriate in this Case Because Commencement of Discovery Would Significantly Burden the Parties and the Court.

Under the balancing test, the Court also considers the breadth of the discovery underway and the harm or expense to which continued discovery would subject the movant. *Perelman*, 2011

WL 3330376, at *1. Good cause exists for a stay here because the Pending Motions are potentially dispositive of the entire case and can be decided absent any additional discovery. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

The burden on a class action defendant in responding to discovery is undoubtedly large, and that burden is significantly compounded in the TCPA context. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs). If discovery were to commence now, EverQuote would be forced to undergo the massive financial expense and time and effort associated with identifying, preserving, and producing data for a nationwide class—potentially involving millions of records—before it is even determined if the class is certifiable or if this Court is the proper forum. *See Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010). Forcing EverQuote to incur potentially enormous discovery costs while four threshold motions remain pending would result in a significant and potentially unnecessary waste of corporate and judicial resources.

Furthermore, the final factor of the balancing test—harm to the non-movant—confirms that a stay is appropriate. Plaintiff will suffer no clear prejudice from a temporary delay because this case is in its early stages. *See U.S. ex rel. Spay*, 2012 WL 11948492, at *1 n.1 (finding that the plaintiff would "suffer no clear prejudice from a temporary delay in discovery while the Court, in the ordinary course of business, disposes of the Motion to Dismiss."). The parties have not held a Rule 26(f) conference, no discovery has been served, and no scheduling order is in place.

Ultimately, it makes little sense for the parties to engage in time-consuming and expensive discovery when a ruling on any of EverQuote's Pending Motions could render those efforts a complete nullity. By imposing a stay, the Court ensures that if discovery eventually proceeds, the parties will have "full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur." *Weisman*, 1995 WL 273678, at \*2. Because the extreme burden of class-wide discovery at this stage far outweighs the negligible harm of a brief delay, a stay is both reasonable and necessary.

At bottom, EverQuote's request for a stay of discovery is reasonable and appropriate under the circumstances and granting this request will not cause any prejudice to Plaintiff.

## IV.    **CONCLUSION**

For the foregoing reasons, EverQuote respectfully requests that the Court stay discovery until the Court rules on EverQuote's Motion to Compel Arbitration, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and Motion to Strike Class Allegations.

Dated: April 24, 2026                                            **Respectfully submitted**,

*/s/ V. Amanda Witts*
V. Amanda Witts, Esq. (Bar No. 308902)
MITCHELL SANDLER PLLC
2020 K Street NW, Suite 760
Washington, D.C. 20006
(202) 886-5267
v.awitts@mitchellsandler.com

AND

Eric J. Troutman (*pro hac vice forthcoming*)
California Bar No. 229263
Puja J. Amin (*pro hac vice forthcoming*)
California Bar No. 299547
Tori L. Guidry (*pro hac vice forthcoming*)
Louisiana Bar No. 37704
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450

Irvine, California 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

*Attorney for Defendant EverQuote, Inc.*

## CERTIFICATION OF SERVICE

I hereby certify that on April 24, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ V. Amanda Witts*
V. Amanda Witts